Christopher A. Rojao
Gregory J. Hindy
Ryan M. Savercool
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Tel: (973) 622-4444
Fax: (973) 624-7070
crojao@mccarter.com
ghindy@mccarter.com
rsavercool@mccarter.com
*Attorneys for Defendant,*
*LegalZoom.com, Inc. d/b/a LegalZoom*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN ERASMUS, on behalf of himself and those similarly situated, | : Civil Action No. |
| Plaintiff, | : |
| v. | : **NOTICE OF REMOVAL** |
| LEGALZOOM.COM, INC. d/b/a/ LEGALZOOM, and LEGALZOOM, INC.; BUSINESS LICENSES, LLC; and JOHN DOES 1 to 10, | : |
| Defendants. | : |

**TO**:    Clerk of Court for the United States District Court for the District of New Jersey, Newark Vicinage

   **PLEASE TAKE NOTICE** that Defendant LegalZoom.com, Inc. d/b/a LegalZoom[1]

(hereinafter "LegalZoom") hereby removes this action to this Court pursuant to the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and/or 1453. In support of

the Notice, LegalZoom states, by and through its attorneys McCarter & English, LLP, as follows:

---

[1] LegalZoom, Inc. is improperly pleaded as a defendant. No entity with that name exists, and it is neither a trade name nor a jural entity that is subject to suit.

## NATURE OF THE CASE

1.      On June 3, 2024, Plaintiff Ryan Eramus commenced this putative class action entitled *Erasmus v. LegalZoom.com, Inc., et al.*, No. ESX-L-003775-24, against Defendants LegalZoom.com, Inc. d/b/a LegalZoom, LegalZoom, Inc., Business Licenses, LLC, and John Does 1 to 10, in the Superior Court of New Jersey, Law Division, Essex County.

2.      Plaintiff, on behalf of himself and those similarly situated, asserts causes of action arising under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 *et seq.* ("CFA"), and the statute proscribing the unauthorized practice of law, N.J.S.A. 2C:21-22a.[2]

3.      Plaintiff filed an Affidavit of Service with the Superior Court of New Jersey on July 15, 2024, alleging that service on LegalZoom was effectuated on June 17, 2024.

4.      Pursuant to 28 U.S.C. § 1446(b), and without waiving LegalZoom's rights with respect to service of process, this Notice of Removal is being filed within thirty (30) days of Defendants' receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This removal is therefore timely.

## LEGAL STANDARD

5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. By virtue of the provisions of 28 U.S.C. §1441(a), this entire case is one that may be removed to this Court.

---

[2] By removing this action, LegalZoom does not waive any available defense or rights (all of which are reserved). Nor does LegalZoom concede the veracity of any allegation pleaded against it. *See Faltaous v. Johnson & Johnson*, No. 07-cv-1572, 2007 WL 3256833, at *8 (D.N.J. Nov. 5, 2007) ("Defendant need not concede aspects of the complaint in order to prove federal jurisdiction."); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 n.3 (3d Cir. 2004) ("A pretrial ruling on jurisdictional facts should not be made if it constitutes a decision on the merits."). LegalZoom accepts as true the allegations in the Complaint solely for the purpose of establishing federal jurisdiction. LegalZoom reserves all rights to dispute all allegations against it in the future.

ME1 48911558v.1

6.      Under 28 U.S.C. §1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

7.      Pursuant to 28 U.S.C. §1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.      According to 28 U.S.C. §1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."

9.      "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.*

10.      "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Id.* (citation, quotation marks, and brackets omitted). Accordingly, "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

ME1 48911558v.1

## PARTIES

11.    Upon information and belief, Plaintiff is a citizen of the State of New Jersey. *See* Compl. ¶ 10

12.    LegalZoom.com, Inc. is incorporated in Delaware with a principal place of business in California. *See id.* ¶ 11.

13.    Plaintiff alleges that "Business Licenses, LLC is a foreign entity with its principal place [in] Monsey, New York." *Id.* ¶ 12.

## UNDERLYING ALLEGATIONS

14.    Plaintiff asserts that "[t]his putative class action arises from LegalZoom's engaging in the unauthorized practice of law against a class of persons consisting of . . . [a]ll persons who had or has an address in the State of New Jersey, who purchased any services or products from LegalZoom, in the six-year period preceding the filing of this action." *Id.* ¶ 23.

15.    Plaintiff also brings this action on behalf of a "subclass consisting of . . . [a]ll members of the Class who paid any money as a result of LegalZoom's engaging in the unauthorized practice of law." *Id.* ¶ 24.

16.    Specifically, Plaintiff asserts that LegalZoom "makes money by selling people and businesses legal services including the preparation and filing of corporate documents including operating agreements and articles of incorporation among other legal forms." *Id.* ¶ 1.

17.    According to Plaintiff, "LegalZoom provides ongoing compliance related services by filing yearly state reports on behalf of their clients while assisting with compliance inquiries and responses." *Id.* ¶ 2.

18.    Plaintiff alleges that he "purchased the Express Gold, LLC ("Package") from LegalZoom" on June 1, 2018. *Id.* ¶ 3.

ME1 48911558v.1

19.     Plaintiff avers that, "[p]ursuant to LegalZoom's agreement with Erasmus and others, LegalZoom has engaged in the practice of law by providing legal advice and services including preparing and filing legal documents, managing compliance disclosures, and drafting legal documents." *Id.* ¶ 19.

20.     According to the Complaint, however, "LegalZoom has no right to provide legal services as a corporation or limited liability company." *Id.* ¶ 21.

21.     Plaintiff asserts that "LegalZoom and its partners engage[] in the unauthorized practice of law in the State of New Jersey in violation of N.J.S.A. 2C:21-22a." *Id.* ¶ 8.

22.     Plaintiff brings this class action under New Jersey Court Rule 4:32-1 and asserts that "[t]he proposed class . . . consist[s] of hundreds if not thousands of persons." *Id.* ¶¶ 22, 25.

23.     Pursuant to Count I, Plaintiff seeks the following relief under the CFA:

(a)     "class certification for class-wide equitable relief under R. 4:32-1(b)(2), and issuing a declaratory judgment applicable to the Plaintiff and putative Class, pursuant to the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53";

(b)     a "permanent injunction against the Defendants, pursuant to the CFA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to engage in the practice of law as a corporation and including an injunction against any attempt to collect upon, enforce or assign accounts of any other entity";

(c)     an Order "[d]irecting the Defendants to provide equitable notice relief pursuant to the CFA, providing for notice to Class members of the declaratory and injunctive ruling"; and

(d)     an Order "[a]warding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA[.]"

*Id.*, Count I, Wherefore Clause.

24.     Pursuant to Count II, Plaintiff seeks the following relief under the CFA:

(a)     an Order "[g]ranting class certification of the Subclass under R. 4:32-1(b)(3)";

(b)     an Order "[a]warding treble damages under the CFA, at N.J.S.A. 56:8-19";

(c)     an Order "[a]lternatively awarding a refund of all moneys collected under the CFA, at N.J.S.A. 56:8-2.11";

(d)     an Order "[a]warding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA, at N.J.S.A. 56:8-19"; and

(e)     "pre-judgment and post-judgment interest[.]"

*Id.*, Count II, Wherefore Clause.

25.     Pursuant to Count III, Plaintiff seeks the following relief under the statute prohibiting the unauthorized practice of law:

(a)     an Order "[g]ranting class certification of the Subclass under R. 4:32-1(b)(3);

(b)     "[a]n award of damages, including $1,000 minimum damages to each class member, and other relief allowed by N.J.S.A. 2C:21-22a to the Class."

(c)     "[a] money judgment of all amounts dunned by Defendant from the Class, including treble damages";

(d)     "attorney's fees, litigation expenses and costs in connection with this action"; and

(e)     "pre-judgment and post-judgment interest[.]"

*Id.*, Count III, Wherefore Clause.

## CAFA JURISDICTION

26.     This action satisfies CAFA's requirements for federal jurisdiction because (1) the suit was filed under a state-law analogue to Federal Civil Rule of Procedure 23; (2) the putative class exceeds 100 members; (3) the aggregate amount-in-controversy exceeds $5,000,000; and (4) there is minimal diversity between the parties.

**A.  This Matter is a Putative Class Action & Satisfies CAFA's Numerosity Requirements**

27.     Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

28.     Here, Plaintiff has pled a putative class action as he "brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32 of the New Jersey Rules of Court." Compl. ¶ 22. Plaintiff's "Class Action Allegations" are set

6

forth in Paragraphs 22 to 36 of the Complaint, and all relief is sought "on behalf of himself and the Class members."

29.     CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100 members. 28 U.S.C. § 1332(d)(5)(B). In counting such members, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

30.     Plaintiff alleges that "[t]he proposed class and subclass each consist of hundreds if not thousands of persons." *Id.* ¶ 25.

**B.  The Amount in Controversy Exceeds $5 Million**

31.     "To 'determine whether the matter in controversy' exceeds the $5,000,000 jurisdictional threshold, courts must aggregate 'the claims of the individual class members.'" *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (quoting 28 U.S.C. § 1332(d)(6)).

32.     Plaintiff alleges that he "and the Class members suffered ascertainable loss from Defendants' CFA violations in the amount [of] monies collected, and/or paid on the void agreements, entitling them to treble damages under the CFA." *Id.* ¶ 49. Plaintiff further seeks "a refund of all moneys collected under the CFA." *Id.* Count II, Wherefore Clause.

33.     Plaintiff further alleges that "Defendant is liable for the statutory damages and other relief allowed by [the statute prohibiting the unauthorized practice of law]," which includes "$1,000 minimum damages to each class member." *Id.* ¶¶ 52, Count III, Wherefore Clause.

34.     As alleged in the Complaint, Plaintiff "purchased the Express Gold, LLC ("Package") from LegalZoom" on June 1, 2018. Compl. ¶ 3. A preliminary, good faith search of LegalZoom's records indicates that Plaintiff's purchases totaled at least $723.00.

35.    Accordingly, Plaintiff seeks, at a minimum, approximately $3,169.00 based on the trebled damages under the CFA, plus the minimum $1,000 statutory damages available under N.J.S.A. 2C:21-22a.

36.    "With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute." *Farrell*, 478 F. Supp. 3d at 541. The Third Circuit has awarded attorneys' fees of 30% of a class judgment. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (noting that, in determining whether the CAFA threshold has been met, "[f]ees could be as much as thirty percent of the judgment"). Thus, the addition of attorneys' fees to the amount-in-controversy increases the amount for actual by another 30%, bringing that total to approximately $4,119.70.

37.    Plaintiff asserts that his "claims are typical of the claims being asserted on behalf of this class." Compl. ¶ 28. It is therefore reasonable to conclude that Plaintiff, "as the proposed class representative, has damages that are typical of the class." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 507 (3d Cir. 2014); *see also Frederico*, 507 F.3d at 197 (accepting the defendant's contentions in its notice of removal that the plaintiff's damages reflected the "average actual damages of each member of the putative class").

38.    CAFA's amount-in-controversy requirement is easily satisfied in this matter based on (a) Plaintiff's allegation that "[t]he proposed class . . . consist[s] of hundreds if not thousands of persons," Compl. ¶ 25; (b) a preliminary, good faith search of LegalZoom's records regarding the number of putative class members encompassed in the Complaint's class definition, *see id.* ¶ 23; and (c) the $1,000 statutory damages being available to each class member and/or Plaintiff's damages being typical of the class.

ME1 48911558v.1

## C.  CAFA's Minimal Diversity of Citizenship Requirement is Satisfied

39.      CAFA's class action minimal diversity of citizenship requirement is satisfied because at least one member of the class of plaintiffs is a citizen of a State that is different from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

40.      Plaintiff Ryan Erasmus is a citizen of New Jersey, and brings this action on behalf of persons "who had or has an address in the State of New Jersey." Compl. ¶¶ 10, 23.

41.      LegalZoom is a Delaware corporation with a principal place of business in California. LegalZoom is therefore a citizen of Delaware or California for CAFA purposes.

42.      Accordingly, there is minimal diversity between Plaintiff and LegalZoom.

## D.  All Other Removal Requirements are Satisfied

43.      Attached hereto as exhibits are "a cop[ies] of all process, pleadings, and orders served upon" Defendants in this action. 28 U.S.C. § 1446(a).

44.      This Court is part of the district and division within which this action was filed. 28 U.S.C. § 1446(a).

45.      The remaining defendants need not consent to removal for removal to be proper. *See* 28 U.S.C. § 1453(b).

46.      Promptly after filing this Notice of Removal, Defendants shall cause a true and correct copy of the same to be filed with the Clerk of the Court for the Superior Court of New Jersey, Law Division, Essex County, where the case was filed, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant LegalZoom.com, Inc. d/b/a LegalZoom removes the above-captioned action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

Dated:  July 17, 2024            By:    */s/ Christopher A. Rojao*
                                         **McCarter & English LLP**
                                         Christopher A. Rojao
                                         Gregory J. Hindy
                                         Ryan M. Savercool

ME1 48911558v.1

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
(973) 624-7070 FAX
crojao@mccarter.com
rsavercool@mccarter.com
*Attorneys for Defendant LegalZoom.com, Inc.*
*d/b/a LegalZoom*

ME1 48911558v.1

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that this matter being removed from the Superior Court of New Jersey is not related to any matter pending in this or any other court.

**McCARTER & ENGLISH, LLP**

By:  *s/ Christopher A. Rojao*
    Christopher A. Rojao
    A Member of the Firm

Dated:  July 17, 2024

11

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this date I caused a copy of the foregoing Notice of Removal, Certification Pursuant to Local Civil Rule 11.2, and Civil Cover Sheet to be served upon the Clerk of the Superior Court of New Jersey, Essex County, and upon all counsel of record via electronic court filing and email.

**McCARTER & ENGLISH, LLP**

By: _s/ Christopher A. Rojao_
　　　　　　Christopher A. Rojao
　　　　　　A Member of the Firm

Dated:  July 17, 2024

12